[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8771
This action claiming a dissolution of marriage and other relief was brought to the court on May 22, 2001. The return date is June 19, 2001. Both parties have appeared through counsel and the matter was heard before this court on a limited contested basis. The court finds proper service of the summons and complaint, and jurisdiction based upon the residence of the parties in the state of Connecticut.
Based upon the evidence submitted by the parties, the following findings are made:
The court finds that the allegations of the complaint have been proven in their entirety. The parties met on or about 1981, and dated for some period of time. They moved in together in 1984, and were married on August 30, 1985. The parties had one minor child issue of the marriage named Matthew Ronald Lapointe.
He was born on September 17, 1987. The plaintiff has described in some detail the problems the child experienced at school beginning in kindergarten. Generally, they are related to fine motor skills, reading, and decoding. The child's academic difficulties have resulted or are combined with social difficulties including anger. Testing has confirmed that the child experiences problems with visual motor skills as well as visual perception and processing of information. The plaintiff has taken an active interest in advocating for the educational needs of the child. She has spent considerable time attending board of education meetings, PPT meetings, and has been a vocal and effective advocate for the child. Her perception is that the defendant has not been supportive in this regard. The parties disagree as to the nature and extent of the child's problems. They also disagree as to the correct approach that should be used to address those problems.
In addition, the parties have experienced financial difficulties and sexual difficulties, both of which have had substantial impact upon their marriage. There was general disagreement between them. As an example, when they purchased a home, there was disagreement as to what size the home should be. Further, the plaintiff was repulsed by her husband's viewing of pornography, the defendant was dissatisfied with his wife's lack of interest in sexual activity. The plaintiff was frustrated that the defendant was not supportive of her education and desire to finish her degree.
The parties' limited cash flow resulted in their having one vehicle. The resulting confinement when the defendant was at work with that vehicle caused difficulties. The defendant was of the opinion that the CT Page 8772 wife had not contributed sufficiently to the finances of the home despite her having operated a licensed daycare center in the home. There were two unsuccessful attempts at marriage counseling and eventually, the parties physically separated on February 14, 2001.
The defendant is employed at the Hartford Life Companies as a consultant. His current salary is $63,100.00 per annum. In addition, he has received a profit sharing dividend on an annual basis. His last such dividend which was received in this calendar year was $3,000.00 gross according to his own testimony. He has been the primary wage earner throughout the marriage of the parties. The defendant is currently employed as a mutuel at the Bradley Teletheatre in Windsor Locks, Connecticut. Her current gross salary is roughly $15,000.00 per annum. She represents her present earning potential as approximately $18,700.00 per year. She has a longstanding intention of furthering her college education.
The parties own a home located at 154 Spring Street, Windsor Locks, Connecticut. That home has a present mortgage balance of $163,000.00. This court pursuant to the proposed orders of the parties has ordered that the property be listed for sale. It is substantially in arrears with respect to the mortgage payments. The court has ordered that the property be listed for $225,000.00, and further that the parties shall accept any offer in the amount of $183,000.00 or greater. Those figures define the parameters of the appraisals that have been performed as to the value of this property.
After having considered the provisions of the Connecticut General Statutes with respect to orders regarding custody, division of property and alimony, the court enters the following orders:
The marriage of the parties should be and hereby is dissolved.
Joint legal custody of the minor child is awarded to the parties. The primary residence of the minor child shall be with the plaintiff mother. Reasonable rights of visitation and access are awarded to the defendant. Those rights shall include but not be limited to visitation alternating weekends upon a schedule at the convenience of the parties and the child, and visitation on at least one day during the week in the evening hours providing consideration again for the schedule of the parents and the child. The parties shall share and alternate holidays. The parties shall have access to a vacation period with the child during the child's summer school vacation and may take up to two weeks consecutively.
Having calculated the child support guidelines based on the defendant's stated income, child support is ordered in the amount of $162.00 per CT Page 8773 week. It is ordered that the defendant maintain medical insurance for the benefit of the minor child as currently available through his employment. It is further ordered that unreimbursed and uninsured medical costs for the minor child be paid in proportion, 38% by the plaintiff and 62% by the defendant. Medical expenses shall include dental, psychiatric, psychological, therapeutic, and ophthalmological. Said order shall be subject to the provisions of Connecticut General Statutes §46b-84. The parties are further ordered to cooperate and provide whatever insurance documentation is necessary for the child to avail himself of the benefits provided by the coverage as ordered. The drum lessons of the minor child shall be paid in the same proportion.
The defendant shall be entitled to claim the minor child as a dependent for exemptions on his state and federal income tax returns.
The defendant shall pay to the plaintiff the sum of $180.00 per week as periodic alimony. Said alimony shall be paid for a period of seven years from the date of this judgment, and shall be nonmodifiable as to duration. The alimony shall terminate upon the death of the plaintiff, her remarriage and shall be modifiable in the event of her cohabitation as defined under the Connecticut General Statutes.
The parties are currently subject to an order of this court dated June 11, 2002 with respect to the listing of the real estate for sale. That order shall continue in full force and effect. That order shall be modified in that at the end of thirty days from the initial listing date, if an offer has not been received for the purchase of that home, the listing price shall be reduced by the amount of $5,000.00. A similar reduction shall take place every thirty days until the listing price of the home is reduced to the sum of $200,000.00. Upon sale of the property, the plaintiff wife shall be entitled to the first $20,000.00 of net proceeds from that sale, the defendant husband to the next $10,000.00, and any amounts thereafter shall be divided equally between the parties. Net proceeds shall consist of the sale price less commission, outstanding mortgages, customary fees, taxes and adjustments. The court shall retain jurisdiction as to the issue of the sale of the real property.
Each party shall retain ownership of the automobile currently in their possession.
The defendant shall convey to the plaintiff one half of the value of his current pension as provided through his employer, the Hartford Life Companies.
The defendant shall maintain such life insurance as he currently has in CT Page 8774 effect for the benefit of the plaintiff during the term of his obligation to pay alimony. Thereafter, he shall maintain said insurance for the benefit of the minor child for such time as he has an obligation to pay child support. The defendant shall pay to the plaintiff the sum of $4,000.00 from his 401k Hartford Life Company's plan.
The defendant shall pay to the plaintiff the sum of $177.84 within thirty days. Said sum represents arrearage for unreimbursed medical expenses for the minor child.
Each party shall pay and hold the other harmless from any debt which appears on their respective financial affidavit. The obligation to hold the other party harmless shall be in the nature of support and not dischargeable under any bankruptcy proceeding. The debt listed by the parties as owing to the Internal Revenue Service shall be the responsibility of the husband only. Each party shall be responsible for their own attorney's fees.
The parties shall return any personal property or personal documents in their possession of the other to the other party. If the parties are unable to agree on the division of personal property, they are hereby referred to the Family Relations Division for mediation. The court shall retain jurisdiction in the event that mediation is unsuccessful.
BY THE COURT
 ___________________ Robaina, J.